**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

LUIS ALFREDO ARANA-MUNGUIA,
Petitioner,
v.
ACTING WARDEN, DESERT VIEW FACILITY, *et al.*,
Respondents.

Case No. 5:26-cv-02964-DMK

**MEMORANDUM AND ORDER DENYING PETITION WITHOUT PREJUDICE**

On May 30, 2026, Petitioner Luis Alfredo Arana-Munguia, an immigration detainee proceeding through counsel, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241 (the "Petition"), challenging his detention by United States Immigration and Customs Enforcement ("ICE") at the Desert View Facility in Adelanto, California, and seeking immediate release. *See* ECF 1.[1] For the reasons set forth below, the Petition is DENIED without prejudice.

[1] For ease of reference, the Court cites the parties' submissions using the pagination generated by the Court's CM/ECF system.

I

Petitioner is a native and citizen of Guatemala who entered the United States without inspection on or about November 10, 2016. ECF 1 at ¶ 19; ECF 8-1 at ¶¶ 4–5. He was apprehended and placed in expedited removal proceedings, but after he established a credible fear of persecution, he was placed in removal proceedings under 8 U.S.C. § 1229a. ECF 1 at ¶¶ 19–20. Petitioner alleges that he was then released on bond under 8 U.S.C. § 1226(a), and in 2023, the government exercised its discretion "to terminate or close the removal proceedings against [him]." *Id.* at ¶¶ 21, 24.

In 2023, Petitioner pleaded guilty in Utah to driving under the influence of alcohol, drinking alcohol in a motor vehicle, and driving without a valid license. ECF 8-1 at ¶ 7; *see* ECF 1 at ¶ 25. In 2024, he pleaded guilty to operating a vehicle without an interlock device. ECF 8-1 at ¶ 8; *see* ECF 1 at ¶ 25.

On or about February 19, 2026, ICE took Petitioner into custody following a traffic stop, and served him with a new notice to appear. ECF 8-1 at ¶¶ 9–10; *see* ECF 1 at ¶ 26.[2] On March 23, 2026, an immigration judge ("IJ") held a custody redetermination hearing, and denied Petitioner's request for a change in custody status. ECF 1 at 47–48; ECF 8-1 at ¶ 12. The IJ concluded that the immigration court lacked jurisdiction to conduct a bond hearing in light of *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025). ECF 1 at 47. "Irrespective of jurisdiction," the IJ further found that Petitioner "is a danger to the community," citing his 2023 conviction for driving under the influence without a license, which the record suggested had come to the attention of police when he was unable to keep his lane; his 2024 conviction for driving without an interlock device; and his "clear failure to comply with [the state] Court['s] instructions." *Id.* at 47–48. Petitioner did not appeal that decision to the Board of Immigration Appeals ("BIA"). *See id.* at 61.

---

[2] The Petition states that Petitioner was re-detained on or about February 18, 2026. ECF 1 at ¶ 26. The difference does not affect the analysis.

Petitioner thereafter applied for asylum. ECF 8-1 at ¶ 13. The records of the Executive Office for Immigration Review reflect that an IJ ordered Petitioner removed on August 31, 2026, and that the BIA received Petitioner's appeal of that order on September 21, 2026.[3] The appeal remains pending. The Court takes judicial notice of those records. *See* Fed. R. Evid. 201(b)(2).

Petitioner filed this Petition on May 30, 2026, asserting three claims: (1) his detention violates substantive due process; (2) his re-detention without notice or a pre-deprivation hearing violated procedural due process; and (3) Respondents' re-detention of Petitioner was *ultra vires* and violated agency regulations under *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954). ECF 1 at ¶¶ 47–65. He asks the Court to order his immediate release, to enjoin Respondents from re-detaining him without notice and a hearing, to reinstate his prior bond, and to bar his transfer outside this District. *Id.* at 15–16. Respondents answered on June 8, 2026, and Petitioner filed a traverse on June 12, 2026. ECF 8, 9. Petitioner has since requested a prompt ruling. ECF 10. The parties have consented to proceed before a United States Magistrate Judge. ECF 3, 6.

II

The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). A court may grant a petition and issue a writ of habeas corpus to a petitioner who shows that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A noncitizen held by immigration authorities may petition for a writ of habeas corpus under § 2241 on the ground that his detention violates the Constitution or other federal laws. *See Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

Respondents frame their arguments in terms of whether Petitioner has shown a likelihood of success on the merits. *See* ECF 8 at 3–5. As Petitioner observes, however,

---

[3] *See* Executive Office for Immigration Review, Automated Case Information, https://acis.eoir.justice.gov/en/ (search: A-number 209850386 and Guatemala), (last accessed October 5, 2026).

no application for preliminary injunctive relief is pending. ECF 9 at 2. Accordingly, the Court resolves the Petition on its merits.

III

Because Petitioner's order of removal is not administratively final, he remains detained under 8 U.S.C. § 1226(a) pending the completion of his removal proceedings. *See* 8 C.F.R. § 1241.1(a). Petitioner does not challenge the length of his detention, but rather, the manner in which he was re-detained.

A

Respondents contend that Petitioner failed to exhaust his administrative remedies because he did not appeal the IJ's March 23, 2026, decision to the BIA or seek a further custody redetermination. ECF 8 at 4–5. Petitioner responds that exhaustion would be futile. ECF 1 at ¶ 30; ECF 9 at 9. The IJ's principal ruling was that the immigration court lacked jurisdiction to conduct a bond hearing under *Yajure Hurtado*, a BIA precedent that the BIA would be bound to apply. ECF 1 at 47. The Court therefore assumes, without deciding, that exhaustion is excused and proceeds to the merits.

B

Petitioner's principal claim is that Respondents violated procedural due process by re-detaining him without notice and a pre-deprivation hearing after he had been released on bond. ECF 1 at ¶¶ 52–60; ECF 9 at 3–9. He contends that the March 23, 2026, hearing could not cure that violation, both because it came after his re-detention and because the IJ concluded that the immigration court lacked jurisdiction. ECF 9 at 6–8.

The Court evaluates the claim under *Mathews v. Eldridge*, 424 U.S. 319 (1976), which weighs "the private interest that will be affected by the official action;" "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and "the Government's interest." *Id.* at 335; *see Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). The Court assumes, without deciding, that Petitioner's prior release gave rise to a protected liberty interest in remaining out of custody, notwithstanding Respondents'

contention that any release ended when Petitioner's prior proceedings were terminated in 2023. *See* ECF 8 at 6.

The first factor favors Petitioner. His interest in freedom from detention is substantial, and he alleges that he lived in the community for years with his wife and three children. ECF 1 at ¶¶ 23, 39.

The second factor, however, weighs against him. While a risk of erroneous deprivation arises where no neutral decisionmaker has assessed whether a noncitizen's detention serves the permissible purposes of preventing flight and protecting the community, *see Zadvydas*, 533 U.S. at 690, that was not the case here, where a neutral decisionmaker did make that assessment. Although the IJ noted in his decision that the immigration court lacked jurisdiction to conduct a bond hearing in the first instance based on *Matter of Yajure Hurtado*, he also determined that "[i]rrespective of jurisdiction," Petitioner is a danger to the community, given his 2023 conviction for driving under the influence without a license, 2024 conviction for driving without an interlock device, and failure to comply with the state court's instructions. ECF 1 at 47–48. Thus, the IJ made an individualized determination regarding Petitioner's eligibility for bond, notwithstanding *Matter of Yajure Hurtado*. This distinguishes the instant Petition from others in which IJs have summarily denied bond based on *Matter of Yajure Hurtado*, without any consideration of potentially mitigating factors. *Cf. Ramirez v. Janecka*, No. 5:26-cv-04198-ACCV, 2026 WL 2352892, 2026 LX 488354 (C.D. Cal. Aug. 12, 2026) (granting petition where IJ denied bond solely on lack of jurisdiction under *Matter of Yajure Hurtado*). Indeed, because the IJ here did, in fact, make an individualized determination regarding Petitioner's eligibility for bond, there is no indication that a pre-deprivation hearing would have resulted in Petitioner's release.

As to the third factor, the government has a legitimate interest in protecting the community and ensuring the appearance of noncitizens at removal proceedings, and that interest is substantial where, as here, an IJ has found that the noncitizen poses a danger to the community. *See Rodriguez Diaz*, 53 F.4th at 1208–09.

Weighing these factors together, the Court concludes that Petitioner has not shown that his continued detention violates procedural due process.

C

Petitioner's substantive due process claim fails for similar reasons. He contends that Respondents cannot show any "special justification" for his detention that outweighs his liberty interest. ECF 1 at ¶¶ 48–51. But civil immigration detention may serve the purpose of protecting the community, *Zadvydas*, 533 U.S. at 690, and an IJ has determined that Petitioner poses a danger to the community. ECF 1 at 47–48. Petitioner offers no other basis for concluding that his detention bears no reasonable relation to that purpose.

D

Petitioner's third claim alleges that Respondents' re-detention of Petitioner was *ultra vires* and violated agency regulations governing "who and upon what findings" a noncitizen could be re-detained. ECF 1 at ¶¶ 61–65; *see id.* at ¶¶ 42–44 (citing 8 U.S.C. § 1226(b) and 8 C.F.R. § 236.1(c)(9)). But Petitioner does not identify the official who ordered his re-detention, or explain how that official lacked authority under the regulation. Nor does the record establish that the bond on which Petitioner relies remained in effect after his prior removal proceedings were terminated in 2023, *see* ECF 1 at ¶ 24; ECF 8 at 6, or show that Petitioner was re-detained under those proceedings, rather than the new proceedings initiated in February 2026, *see* ECF 8-1 at ¶ 10. Thus, Petitioner has not shown that Respondents acted *ultra vires* or violated a binding agency regulation.

E

Petitioner also asks the Court to enjoin his transfer outside this District. ECF 1 at 16. He does not allege, however, that any transfer is planned or imminent, and he has not made the showing required for interim injunctive relief. *See* C.D. Cal. Gen. Order No. 26-05 § 3. As such, the request is denied.

Because Petitioner's circumstances may change, including if his order of removal becomes administratively final, the denial is without prejudice.

IV

Accordingly, IT IS HEREBY ORDERED that:

1) The Petition is DENIED without prejudice;

2) Petitioner's request to enjoin his transfer outside this District is DENIED;

3) Petitioner's request for a prompt ruling (ECF 10) is DENIED as moot; and

4) Judgment shall be entered dismissing this action without prejudice.

Because the Court resolves the Petition, Petitioner's request for a decision thereon (ECF 10) is denied as moot.

Dated: October 13, 2026

HON. DIANA M. KWOK
UNITED STATES MAGISTRATE JUDGE